IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-142-CR





DANIEL BALTIERRA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 100,770, HONORABLE BOB JONES, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of burglary of a habitation. Tex. Penal Code Ann.
§ 30.02 (1989). The jury assessed punishment, enhanced by two previous felony convictions, at
imprisonment for life. We affirm.

 On the night of November 14, 1989, appellant entered the apartment residence of
Olga Martinez through an open window and assaulted Martinez with a knife. Appellant does not
question the sufficiency of the evidence.

 In his first point of error, appellant contends that the district court erroneously
prohibited him from cross-examining Martinez regarding her bias against him and his family. In
support of this contention, appellant refers us to a seven-page-long voir dire examination of
Martinez by defense counsel and asserts, without further explanation, that the witness should have
been required to answer "those questions" in front of the jury. Appellant neither specifies the
questions he was not allowed to ask nor explains how they were relevant to the issue of the
victim's alleged bias.

 Counsel's voir dire of Martinez touched on two subjects. First, he asked Martinez
if her fourteen-year-old daughter had a "crush" on appellant's brother and was angry because the
brother had "rejected" her. Martinez denied this, saying that the two children were merely
friends. The district court ruled that counsel could ask these questions in front of the jury. 
Appellant can base no claim of error on this favorable ruling.

 The remainder of the voir dire examination of the victim concerned an incident in
which her car was damaged in the apartment complex parking lot. Counsel asked Martinez if she
had accused appellant's sister of causing the damage. Martinez replied that she did not know who
had damaged her car. She said that persons who witnessed the incident told her that the person
responsible entered a particular apartment, and that she had given that apartment number to the
police. Martinez did not remember the number or know if it was the apartment occupied by
appellant's family. The district court ruled that counsel could not pursue this line of questioning
in front of the jury, and we assume that this is the basis for appellant's claim of error.

 A defendant must be allowed great latitude to show any fact tending to establish
ill feeling or bias on the part of a witness. Hurd v. State, 725 S.W.2d 249, 252 (Tex. Crim. App.
1987). Appellant's voir dire of Martinez, however, did not disclose any fact tending to establish
that Martinez harbored any ill feeling toward appellant or his family because of the injury to her
car. Because the district court's ruling did not keep from the jury any fact tending to show bias,
no error is presented. The first point of error is overruled.

 Next, appellant urges that the State was erroneously permitted to bolster Martinez'
testimony by introducing in evidence her written statement to the police. The statement was
offered and admitted at the conclusion of appellant's cross-examination of the witness.

 A prior consistent statement by a witness is not generally admissible. Tex. R.
Crim. Evid. Ann. 612(c) (Pamph. 1991). The State argues that the statement was admissible in
this cause to rebut appellant's charge of recent fabrication or improper influence or motive on the
part of Martinez. Tex. R. Crim. Evid. Ann. 801(e)(1)(B) (Pamph. 1991). We believe that this
exception is not applicable in this cause.

 During his cross-examination of Martinez, defense counsel attempted to impeach
her in a number of ways. He asked her if she had given inconsistent statements to others
concerning the attack. Martinez denied making any inconsistent statements, and appellant offered
no evidence of any inconsistent statement. Defense counsel also asked Martinez if it were not true
that she "[made] this story up after your daughter called the police and they were on their way." 
Martinez denied this. Finally, defense counsel asked Martinez if it were not true that "you were
not asleep and that you had some man up there other than the defendant" and "you [felt] you had
to make up this story because of your daughter saw you [sic]." Martinez denied this as well.

 By his questioning, defense counsel accused Martinez of fabricating her accusation
against appellant. Thus, the predicate was laid for admission of a prior consistent statement
pursuant to Rule 801(e)(1)(B). To be admissible, however, the prior consistent statement must
predate the motive to fabricate and, necessarily, the fabrication itself. Campbell v. State, 718
S.W.2d 712, 717 (Tex. Crim. App. 1986). Appellant's prior consistent statement to the police
did not predate the alleged fabrication. We conclude that the trial court erred by admitting the
written statement in evidence.

 We also conclude that the error was harmless. Martinez' written statement is less
than two pages long. It is entirely consistent with her testimony and contains no incriminating fact
not included in her testimony. Martinez' account of the incident was also substantiated by the
testimony of the investigating officer, who testified without pertinent objection to the statements
made by Martinez on the night of the assault. No further reference to the written statement was
made by the State after it was admitted. We are satisfied beyond a reasonable doubt that the
admission of the written statement in evidence did not contribute to the conviction or punishment. 
Tex. R. App. P. Ann. 81(b) (Pamph. 1991); Harris v. State, 790 S.W.2d 568 (Tex. Crim. App.
1989). Point of error two is overruled.

 Appellant's last point of error also concerns alleged improper bolstering. The
prosecutor asked the police officer who responded to Martinez' call if he believed she told him
the truth. The officer said that he did. The prosecutor then asked if the officer would have filed
charges if he had not believed Martinez. The officer said he would not. At this point, appellant
objected that this question violated a motion in limine and asked for a mistrial. The court refused
the mistrial request but instructed the jury to disregard the officer's statement that he believed the
complaining witness.

 Assuming that this point of error was properly preserved, we find that the court's
instruction to disregard was sufficient to cure the alleged error. The third point of error is
overruled.

 The judgment of conviction is affirmed. 


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: March 4, 1992

[Do Not Publish]